# United States District Court
# Northern District of Indiana
# Hammond Division

| | |
|---|---|
| LORRAINE C. EAST, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN BUNCICH, OFFICER KRAUS, )<br>SGT. BOSSE, and JASON S. CORLE, )<br>)<br>Defendants. ) | Civil Action No. 2:16-CV-483 JVB |

**OPINION AND ORDER**

This matter is before the court on the motion of Defendants Buncich, Kraus, Bosse, and Corle to dismiss pro se Plaintiff Lorraine East's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (DE 12). Plaintiff has not responded to the motion.

**A.     Background**

In her complaint, Plaintiff appears to claim that Defendants are liable to her because they charged her with theft— a charge she maintains is frivolous—because of her race and in retaliation for a suit she filed against them.

From the complaint and documents Plaintiff attached to it, the Court deduces that she initiated a lawsuit on February 21, 2014. This first suit was filed as Case Number 2:14-CV-58 in the Northern District of Indiana and was assigned to Judge Simon. On February 26, five days after the first suit was filed, Plaintiff was charged with theft. The information was signed by Defendant Corle and witnessed by Defendant Kraus. (*See* DE 1-1 at 1.) On or about November

17, 2014, the theft charge was dismissed.  (*See* the motion to dismiss filed in the criminal proceedings against East, DE 1-1 at 133.)  Plaintiff filed the instant action on November 16, 2016.

Defendants argue that Plaintiff's complaint must be dismissed for failure to state a claim on the grounds that it is barred by the doctrine of res judicata and was filed after the applicable statute of limitations had expired.  The Court reaches only Defendants' statute of limitations argument, because its resolution of that issue disposes of the case.

**B.      Discussion**

A statute of limitations defense is not normally appropriate for decision on a motion to dismiss under Rule 12(b)(6).  However, it is appropriate to grant such a motion when the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense.  *Andonissamy v. Hewlett-Packard Co.*, 547 F.3d 841, 847 (7th Cir. 2008).  Such is the case here.

Defendants are correct that the Indiana two-year statute of limitations applies in this case.  Plaintiff's cause of action for racial discrimination and retaliatory prosecution accrued, and the statute of limitations began to run, immediately after the allegedly discriminatory and retaliatory act occurred.  *See Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016).  In this case, according to Plaintiff's complaint, the alleged discriminatory and retaliatory act was the filing of criminal charges against her, which occurred on February 26, 2014.  Thus Plaintiff would have had to file her complaint by February 26, 2016, to be within the two-year statute of limitations.  However, she did not file this suit until November 16, 2016, more than ten months after the statute of

limitations had expired. Accordingly, her suit must be dismissed.

**C.    Conclusion**

For the foregoing reasons, Defendants' motion to dismiss is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**.

SO ORDERED on September 14, 2017.

 s/ Joseph S. Van Bokkelen
Joseph S. Van Bokkelen
United States District Judge
